**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

MIGUEL PINEDA
ADC #134193 PETITIONER

VS. 1:08CV00004 JTR

MARVIN EVANS, Warden,
North Central Unit, Arkansas Department of Correction RESPONDENT

**MEMORANDUM AND ORDER**

**I. Background**

Petitioner, Miguel Pineda, has filed a § 2254 Petition for a Writ of Habeas Corpus challenging the constitutionality of his state court conviction. [1] (Docket entry #1). Respondent has filed a Response (docket entry #9), to which Petitioner has filed a Reply. (Docket entry #12). Thus, the issues are now joined and ready for disposition.

Before addressing Petitioner's habeas claim, the Court will review the pertinent procedural history of this case. On August 2, 2005, a jury in Crawford County, Arkansas convicted Petitioner of possession of cocaine with the intent to deliver and possession of drug paraphernalia. (Docket entry #1 at 1). Petitioner received an aggregate 600-month sentence.

Petitioner appealed his conviction to the Arkansas Court of Appeals, where his sole argument was that the trial court erred in denying his motion to suppress. Specifically, Petitioner argued that the stop of the vehicle he was driving, and the resulting search, violated his Fourth Amendment

---

[1] The parties have consented to proceedings before a United States Magistrate Judge. (Docket entry #16).

rights. On October 25, 2006, the Arkansas Court of Appeals affirmed. *Pineda v. State*, 2006 WL 3088634 (Ark. App. 2006) (unpublished decision). The Court held that, because Petitioner failed to establish that he had a proprietary or possessory interest in the vehicle he was driving, he lacked standing to assert a Fourth Amendment claim.

In his habeas Petition, which was filed on January 28, 2008, Petitioner points out that, eight months after his direct appeal was decided, the United States Supreme Court handed down its decision in *Brendlin v. California*, 551 U.S. 249 (2007). Petitioner argues that he has standing to assert his Fourth Amendment claim pursuant to the Court's holding in *Brendlin*. Respondent argues that *Brendlin* has no retroactive application on collateral review and that Petitioner's claim fails on the merits.

For the reasons explained below, the Court concludes that Petitioner has failed to state a cognizable claim for habeas relief. Thus, this habeas Petition must be denied, and the case dismissed, with prejudice.

**II. Discussion**

Prior to trial, Petitioner moved to suppress the evidence obtained from a search of the vehicle he was driving. (Trial Tr. 29-32).[2] On February 3, 2005, the trial court conducted a suppression hearing. (Trial Tr. 87-125). The Arkansas Court of Appeals summarized the testimony at the suppression hearing as follows:

> On January 26, 2004, appellant was spotted driving a vehicle over the fog line while heading east on Interstate 40. Officer Jason Parrish, a Crawford County Sheriff's Deputy, stopped the vehicle around 3:00 a.m. Officer Parrish spoke with appellant and obtained appellant's license, insurance and registration from him. Appellant answered "yes" when the officer asked if he was tired. Most other questions directed

---

[2]The three-volume trial transcript ("Trial Tr.") is filed as docket entry #8.

> to appellant were answered by appellant's sister, Mable Pineda, who had been asleep in the vehicle when the stop occurred. Ms. Pineda explained that she and appellant were siblings driving their mother's car to Georgia from California.
>
> Officer Parrish discovered the car was registered to a male. While Officer Parrish was having a warrant check run on both appellant's and Ms. Pineda's driver's licenses, Corporal Bowman of the Van Buren Police Department pulled alongside Officer Parrish's vehicle and pointed to a leak coming from the rear of the stopped vehicle. Officer Parrish investigated the leak and discovered it was gasoline coming from the gas tank of the vehicle. The leak was described as "pretty heavy," and a large pool of gasoline had accumulated over the span of about five minutes. When Officer Parrish looked under the vehicle to inspect the leak, he noticed the bolts holding the gas tank to the vehicle were worn. The officer issued a warning ticket for driving past the fog line and returned appellant's paperwork. At that time, he informed appellant and Ms. Pineda of the gas leak. Ms. Pineda asked if there was a place to have the leak fixed, and the officer responded that there was not because of the early hour. She told him that they would have it checked "down the road."
>
> Officer Parrish testified that he observed the reactions of both appellant and Ms. Pineda to the news of the gas leak. He described their demeanor as nervous, yet unconcerned about the leak. In the vehicle were fast food wrappers, a baby's bag with a full bottle, and a gas can. He testified that he considered the items in the vehicle, appellant's and Ms. Pineda's demeanor, the fact that neither appellant nor his sister were registered owners of the vehicle, and the gas leak, when he asked permission to search the vehicle. Ms. Pineda consented to the search. Appellant testified at trial that his sister told him what the officer asked, and he also consented.
>
> Corporal Bowman ran his canine around the vehicle to search for drugs. The dog alerted near the gas tank. Based on the gas leak and the worn bolts, Corporal Bowman used a scope to see inside the gas tank. He discovered cellophane packages floating there. At that point, both the driver and passenger were arrested, and the vehicle was towed and inspected. The gas tank was removed and the officers found a trap door cut into the rear of the tank, which had caused the leak. Inside the tank were ten bundles wrapped in cellophane. Those bundles were cut open and field tested positive for cocaine.

*Pineda*, 2006 WL 3088634 at *1-2. At the conclusion of the hearing, the trial court denied Petitioner's Motion. (Trial Tr. 122). At trial, Petitioner renewed his Motion, which was again denied. (Trial Tr. 129).

On direct appeal to the Arkansas Court of Appeals, Petitioner did not dispute the lawfulness

of the initial stop of the vehicle for driving over the fog line. Rather, he argued that, once the officers issued him a warning ticket, the scope of a reasonable investigatory stop had concluded. Petitioner characterized the circumstances *after* the issuance of the warning ticket as an unlawful detention without reasonable suspicion, that led to an unlawful search of the vehicle in violation of his Fourth Amendment rights. The Arkansas Court of Appeals did not reach the merits of this argument, concluding that Petitioner lacked standing to assert the claim:

> Appellant failed to present proof that he had a legitimate expectation of privacy in the vehicle. His sister's statement to the police officer that their mother owned the vehicle was negated by the registration, which reflected that the owner was male. Appellant did not testify at the suppression hearing, and at trial, appellant claimed that his sister's boyfriend bought the car and had asked her to drive it back to Georgia. Therefore, we do not reach the merits of his argument on appeal because appellant failed to prove the proprietary or possessory interest necessary to establish standing.

*Pineda*, 2006 WL 3088634 at *2.

Eight months later, in *Brendlin v. California*, 551 U.S. 249 (2007), the Court held that all occupants of a vehicle have standing to assert a Fourth Amendment challenge to the legality of a traffic stop.

Petitioner argues that *Brendlin* “announced a new rule of law, specifically, that all occupants of a vehicle are seized within the meaning of the Fourth Amendment when a traffic stop of a vehicle occurs, and, therefore, all such passengers have standing to challenge the stop[.]” (Docket entry #12 at 6). According to Petitioner, the Court’s decision in *Brendlin* “breathes new life” into his Fourth Amendment claim that his “detention after the legitimate purpose of the traffic stop was a violation of the Fourth Amendment[.]” *Id.*

Petitioner’s claim is barred by the Court’s decision in *Stone v. Powell*, 428 U.S. 465 (1976). In that case, the Court held that “where the State has provided an opportunity for full and fair

litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."[3] *Stone*, 428 U.S. at 482. Under the Court's holding in *Stone*, a state court's disposition of a Fourth Amendment claim is barred from federal habeas review unless: (1) "the state provided no procedure by which the prisoner could raise his Fourth Amendment claim;" or (2) "the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir.1994), *cert. denied*, 514 U.S. 1052 (1995).

The rule announced by the Court in *Stone* is applicable despite *legal or factual error* in the state court, and does *not* require a federal court to review the state court's fact finding or its application of Fourth Amendment law. *See Willett*, 37 F.3d at 1272-73 (federal courts "are not to consider whether full and fair litigation of the claims *in fact* occurred in the state courts, but only whether the state provided an opportunity for such litigation." (emphasis in original). Importantly, the Eighth Circuit has applied the *Stone* holding to bar habeas claims in cases where the state court determined that the petitioner lacked standing to assert a Fourth Amendment claim. *See Travis v. Norris*, 306 Fed. Appx. 334, 2009 WL 50193 (8th Cir. 2009) (unpublished per curiam) (holding that *Stone* barred federal habeas review of Arkansas state court's decision that the petitioner lacked standing to assert Fourth Amendment challenge to search of a rental car) (*citing Terry v. Martin*, 120

---

[3]Respondent does not rely on *Stone*. However, because *Stone* has been recognized as limiting the availability of federal habeas review, based on principles of comity, federal courts have, *sua sponte*, applied *Stone* to bar habeas claims. *See e.g. Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir.1986) (per curiam); *Thomas v. Cowley*, 940 F.2d 1539 (10th Cir. 1991) (unpublished decision); *Boswell v. Symmes*, 2009 WL 725931 at *3 n.1 (D. Minn. 2009) ("Respondent's answer to the current [habeas] petition does not rely on *Stone v. Powell*, but that does not preclude the Court from applying the ruling of that case, *sua sponte*.").

F.3d 661, 662-64 (7th Cir.1997) (rejecting habeas petitioner's claim that he did not have full and fair opportunity to litigate his Fourth Amendment claim before Illinois courts where state courts concluded he lacked standing to contest search of apartment — "any theoretical distinction between standing to raise Fourth Amendment claim and the merits of that Fourth Amendment claim is illusory"); *Hall v. Lockhart*, 806 F.2d 165, 166 (8th Cir.1986) (petitioner's Fourth Amendment claim was barred by *Stone* where state court denied motion to suppress because petitioner had consented to search or alternatively had no standing to challenge its constitutionality)). Furthermore, assuming that Petitioner is correct that *Brendlin* announced a new rule of law, federal courts have applied the Court's holding in *Stone* to bar habeas claims asserted in procedurally similar cases involving a change in law. *See, e.g., United States v. Ishmael*, 343 F.3d 741, 742-43 (5th Cir. 2003) (stating that "a change in the law does not, by itself, render prior proceedings any less 'full and fair' for purposes of *Stone*").

In this case, Petitioner clearly had a "full and fair" opportunity to litigate his Fourth Amendment claim under *Stone*. He was afforded an evidentiary hearing on his motion to suppress, followed with a direct appeal to the Arkansas Court of Appeals. Accordingly, the habeas Petition does not state a cognizable claim.

**III. Conclusion**

IT IS THEREFORE ORDERED THAT the Petition for a Writ of Habeas Corpus, under 28 U.S.C. § 2254 (docket entry #1), is DENIED, and this case is DISMISSED, WITH PREJUDICE.

Dated this 21st day of April, 2010.

UNITED STATES MAGISTRATE JUDGE